FILED
11:30 am Apr 24 2025
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **JARELL ST. ANTHONY FORD,** | ) | **CASE NO. 1:25 CV 517** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL O'MALLEY**, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Jarrell St. Anthony Ford, an Ohio prisoner, has filed a fee-paid civil complaint in this case under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor Michael O'Malley and Judge Pamela A. Barker. (*See* Doc. No. 1 at 1-2.) His complaint is rambling, but it is clear he complains about conduct of the prosecutor and the judge in his state criminal case. For relief, he seeks damages, immediate release from incarceration, and for his sentence to be restructured. (Doc. No. 1 at 4, "Relief Sought by the Plaintiff.")

Public records indicate that Plaintiff was convicted in 2017 after a jury trial in the Cuyahoga County Court of Pleas on 18 counts, including aggravated robbery, robbery, and felonious assault with attendant specifications. He was sentenced to a total of 11 years and 9

months in prison and ordered to pay restitution to the victim. *See State of Ohio v. Jerrell St. Anthony Ford*, No. CR-16-612720-A (Cuyahoga Cty. Ct. of Comm. Pls.) Plaintiff appealed his convictions to the Ohio Court of Appeals on multiple grounds, including ineffective assistance of his counsel and alleged errors by the trial judge, but his convictions were affirmed by the Ohio Court of Appeals. *State v. Ford*, 2018 -Ohio- 2128, ¶ 8, 2018 WL 2671007, at *2 (Ohio App. 8 Dist., 2018).

For the following reasons, his complaint is dismissed.

**Standard of Review and Discussion**

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). To this end, a district court may at any time *sua sponte* dismiss any complaint, even a fee-paid *pro se* complaint, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that *pro se* civil rights action against a United States Senator, Supreme Court Chief Justice, and other government officials was properly dismissed for lack of subject-matter jurisdiction where the complaint alleged claims that were not arguably plausible).

The Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. First, a civil rights action is not a valid way for a prisoner to challenge the legality of his confinement following a state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973). Rather, where a person in state custody challenges the validity of a criminal conviction or sentence and the relief

he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. Therefore, to the extent Plaintiff seeks release from custody or to be exonerated from his state criminal convictions, his complaint fails to state an arguably plausible civil rights claim. Only by petitioning a federal court for a writ of habeas corpus may Plaintiff seek relief from his state criminal conviction and sentence. *See id*.

Plaintiff also has no arguably plausible damages claim against Defendants under § 1983. In *Heck v. Humphrey*, the Supreme Court held that a state prisoner is barred from raising claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." 512 U.S. at 487 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Whatever Plaintiff's specific constitutional claims against Defendants are, they clearly call into question the validity of his state convictions. His claims are not arguably plausible because he has made no showing, or allegation, that his convictions have been called into question or invalidated in any of the ways articulated in *Heck*.

Further, Plaintiff's complaint is implausible and devoid of merit because it is well-established that judges enjoy absolute immunity from suits seeking monetary damages on

claims arising out of their performance of judicial functions. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Prosecutors likewise are "immune from a civil suit for damages under § 1983" for their conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff clearly seeks to hold Defendants liable for conduct taken during the performance of their official duties in Plaintiff's criminal case as to which they are absolutely immune from a damages suit.

Finally, any civil rights claim Plaintiff purports to assert under § 1983 is clearly time-barred. When it clearly appears on the face of a complaint that an action is time-barred, the complaint is subject to *sua sponte* dismissal on initial screening. *See Fraley v. Ohio Gallia Cty.*, 166 F.3d 1231 (Table), 1998 WL 789385, at *2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" a *pro se* plaintiff's § 1983 civil rights action *sua sponte* because the complaint was filed years after the statute of limitations had expired). Civil rights actions under § 1983 are governed by Ohio's two-year statute of limitations. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). The statute of limitations begins to run when the plaintiff has reason to know of his injury or should have discovered it with reasonable diligence. *See Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001). Plaintiff filed this action in 2025, but it is clear from the face of his complaint that it is based on conduct that took place in criminal proceedings, and of which Plaintiff was or should have been aware, well before two years before he filed this action.

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____ 4/24/2025
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE